IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CESAR VIANNEY GARCIA-GONZALEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-1656-RP |
| | § | |
| TODD BLANCHE, *Acting United States Attorney*, et al. | § | |
| | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Before the Court is Petitioner Cesar Vianney Garcia-Gonzalez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on June 18, 2026. (Pet., Dkt. 1). Petitioner challenges his ongoing detention without an individualized determination of the necessity of that detention. (*Id.* at 12–19). On June 25, 2026, pursuant to 28 U.S.C. § 2243, the Court ordered Respondents to show cause within three days as to why the petition should not be granted. (Dkt. 3). When they failed to file a response, the Court again ordered Respondents to show cause, (Dkt. 4). On July 2, 2026, Respondents Todd Blanche, Markwayne Mullin, and Sylvester M. Ortega (collectively, "Respondents")[1] filed a response in opposition. Having considered the parties' arguments, the evidence presented, and the relevant law, the Court issues the following order.

Petitioner pleads that he has been detained at the T. Don Hutto Residential Center since June 8, 2026—approximately **31 days**. (Pet., Dkt. 1, at 1). The Fifth Circuit recently held in a published opinion that the Government must release detainees who have been held in immigration detention without a bond hearing under 8 U.S.C. § 1225(b)(2) for longer than ninety days.[2] *Sosnava*

---

[1] The Response is filed only on behalf of the federal employees in this action. (Resp., Dkt. 4, at 1 n.1).

[2] Though the mandate has not yet issued, the Court considers this published opinion to be binding. A stay in the issuance of a mandate does not impact the precedential value of published opinions. *See, e.g.*, *Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992); *Acute Care Ambul. Serv., L.L.C. v. Azar II*, No. 7:20-CV-

1

*Rodriguez v. Ortega*, No. 26-50183, --- F.4th ---, 2026 WL 1906557, at *17 (5th Cir. July 2, 2026) ("If still detained pre-removal, today's opinion would require their release unless they had been provided a bond hearing that denied release.").

Given that Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), (Resp., Dkt. 5, at 1), and Petitioner has not yet been given a bond hearing, the Court **ORDERS** that on or before **September 7, 2026**—ninety-one days after Petitioner's detention—Respondents shall file a status report either (a) stating that Petitioner received a constitutionally adequate bond hearing within ninety days of his detention and attaching (1) the notice of the hearing that was served in advance on Petitioner and Petitioner's attorney, if any; (2) the Immigration Judge's record of the bond hearing; and (3) the Immigration Judge's decision, or (b) confirming that Respondents released Petitioner from detention, pursuant to the Fifth Circuit's decision in *Sosnava Rodriguez v. Ortega*, No. 26-50183 (5th Cir. July 2, 2026).

**SIGNED** on July 9, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

00217, 2020 WL 7640206, at *13 (S.D. Tex. Dec. 3, 2020). Moreover, per Federal Rule of Appellate Procedure 36(a), "A judgment is entered when it is noted on the docket." Fed. R. App. P. 36(a). The Fifth Circuit has entered judgment in *Sosnava Rodriguez*. *See Sosnava Rodriguez*, No. 26-50183, Dkt. 161 (5th Cir. July 2, 2026).